■ WILLIS PAWNBROKERS, INC., Appellant-Respondent, v AMBASSADOR INSURANCE COMPANY, INC., Respondent-Appellant. — Order, Supreme Court, Bronx County, dated July 16, 1980, unanimously modified, on the law and the facts, and in the exercise of discretion, to grant defendant-respondent-appellant's motion for summary judgment to the extent of dismissing plaintiff-appellant-respondent's fourth and fifth causes of action, to grant plaintiff's motion for summary judgment to the further extent of dismissing defendant's first affirmative defense with leave to replead, and permitting defendant to add a defense of misrepresentation of losses, and otherwise affirmed, without costs. Plaintiff is in the business of licensed pawn brokerage. Its building and contents consisting of pledges and items for sale were insured with defendant carrier against fire; the same policy also provided coverage for loss of earnings.

It is not disputed that the policy was in force at the time of the fire, June 13, 1978. Five causes of action are asserted in this suit, the first three of which are, first through third, in order, for policy-limited sums claimed due and unpaid: for the building $125,000; for its contents $100,000; for loss of earnings $40,000. These three sums total $265,000, as to which plaintiff claims loss of interest of $29,150 per annum, apparently calculated at 11%, occasioned by breach of contract (fourth cause) and negligence (fifth cause). Defendant moved for summary judgment dismissing the complaint, based on five affirmative defenses. Plaintiff cross-moved for the same relief, also requesting that its pleading be conformed to the agreed facts (CPLR 3025, subd [c]); this latter request was granted. Defendant's motion for summary judgment dismissing the complaint was denied *in toto.* We are in accord as to the first three causes. The fifth affirmative defense attacked the fourth and fifth causes of action for lost interest. Those two causes state no valid claim. The very purpose of statutes granting interest after verdict for economic loss occasioned by withholding of money due is to accomplish what the stated causes seek to accomplish. Indeed, these two causes duplicate the request in the *ad damnum* clause for interest, as to which the statutory rate controls. (See CPLR 5001, 5004.) We dismiss the fourth and fifth causes. Special Term did, however, properly dismiss the second affirmative defense, a claim that the time limitation of one year to sue, as provided in the policy, would bar the suit. We agree with Special Term that, policy provisions to the contrary notwithstanding, New York law applies even though defendant is a Vermont company not licensed to do business here, which sold the policy through a New York broker. The subject property is here, the loss was here, and the operative facts came into being here. Citing section 168 of the Insurance Law, as amended, the effect of which was to extend that limitation to two years, Special Term dismissed the defense, correctly we hold. A fourth affirmative defense based on alleged failure to furnish proof of loss within 60 days was stricken when it was established that the document was indeed furnished timely after demand. Another affirmative defense, the first, asserted plaintiff's contributory negligence in respect of the loss. Special Term denied summary judgment as to this, finding a question of fact. But there was no proof of negligence whatever before the court, and such negligence would not be a defense in any case *(Gates v Madison County Mut. Ins. Co.,* 5 NY 469). As presently pleaded, it may not stand as a defense, and we dismiss. But, according to the insurance policy, such negligence would be available to defendant in mitigation, and it should be permitted to replead appropriately. Which leaves only the third affirmative defense to be considered. This asserts that plaintiff did not, as the policy required, submit its tax returns timely as a basis for calculation of loss. This is countered by a claim of inability so to do, citing the extension to file granted by Internal Revenue Service as proof. Thus, there is a question of fact as to this affirmative defense, and it will stand, though not viable as a basis for dismissal of the complaint. We permit addition of another defense. Defendant's request for permission to add a defense of misrepresentation as to loss should be granted. By the policy's terms, should misrepresentation be proven, it may provide a strong defense. We return to the complaint. Summary judgment may not be granted to plaintiff on any of its three remaining causes; questions of fact are present. Defendant claims that plaintiff's records as to cost of building improvements are faulty, that its earnings are overstated, and the very defense defendant is permitted to add, misrepresentation, underscores the unsettled state of the facts. There is much to be tried out. Concur — Kupferman, J.P., Sandler, Markewich, Bloom and Yesawich, JJ.